UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KENNETH ERIC WASHINGTON,

Plaintiff,

-against-

C.O. L. PIPER; SHERIFF CARL E. DUBOIS,

Defendants.
-----------------------------------------------------------------X

OPINION & ORDER
18 CV 7783 (NSR)

NELSON S. ROMÁN, United State District Judge

*Pro se* inmate Plaintiff Kenneth Eric Washington ("Plaintiff") commenced the instant action on August 23, 2018 asserting 42 U.S.C. § 1983 ("Section 1983") claims against Defendants. (ECF No. 2). In his Complaint, Plaintiff alleges Defendants violated his Eighth Amendment rights against cruel and unusual punishment. Plaintiff asserts direct claims against Defendant Correction Officer L. Piper ("C.O. Piper") and supervisory liability claims against Defendant Sheriff DuBois ("DuBois"). As against DuBois, Plaintiff asserts he displayed gross indifference as a supervisor of the correctional facility during the time of the alleged violation. Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Rule 12(b) 6 of the Federal Rules of Civil Procedure. ("Rule 12(b) 6"). (ECF No. 19.) For the following reasons, Defendants' motion is Granted.

## BACKGROUND

For the purposes of this motion, all facts in Plaintiff's Complaint are taken as true and are construed in the light most favorable to *pro se* Plaintiff.


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/2019

1

*Pro se* Plaintiff Kenneth Eric Washington ("Plaintiff") was housed at the Orange County Correctional Facility ("Jail") on March 5, 2018, and during the days that followed, as a pre-trial detainee. On March 5, 2018, at approximately 5:45 a.m. while in the "E-2 Dormitory" of the facility, Plaintiff was subjected to the poking of his groin by C.O. Piper. Plaintiff subsequently filed a grievance which was denied as meritless. Plaintiff seeks to recover $750,000 in damages for mental anguish, and he requests that officers receive better training in preventing sexual assault and managing cases of alleged sexual assault.

## STANDARD OF REVIEW

### Rule 12(b) 6

Rule 12(b) 6 provides in relevant part that a party may motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a] court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (*quoting Iqbal*, 556 U.S. at 679). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to entitlement to relief.'" *Hayden*, 594 F.3d at 161 (*citing Iqbal*, 556 U.S. at 679); *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops shorts of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

Although documents filed *pro se* are to be liberally construed, *see Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), even *pro se* pleadings "must contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Dawkins v. Gonyea*, 646 F. Supp.2d 594, 603 (S.D.N.Y. 2009), *quoting Twombly*, 550 U.S. at 555. A complaint that "tenders 'naked assertions' devoid of 'further factual enhancement'" is insufficient. *Iqbal*, 550 U.S. at 678 *quoting Twombly*, 550 U.S. at 557. Thus, while the Court is "'obligated to draw the most favorable inferences'" that the complaint supports, it "'cannot invent factual allegations that [the plaintiff] has not pled.'" *Parris v. New York State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 361 (S.D.N.Y. 2013) (*quoting Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it for him." *Joyner v. Greiner*, 195 F. Supp.2d 500, 503 (S.D.N.Y. 2002).

**Section 1983**

Section 1983 provides that " [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 " is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere

3

conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To state a claim under § 1983, a plaintiff must allege " (1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a § 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. *See Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Quinn v. Nassau Cty. Police Dep't*, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.") (citation omitted).

## DISCUSSION

### Personal Involvement

Plaintiff fails to assert personal involvement on the part of Defendant DuBois in this matter. In order to hold a defendant responsible for a constitutional deprivation, Plaintiff must demonstrate, *inter alia*, the defendant's personal involvement. *Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013). "[P]ersonal involvement of Defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [42 U.S.C. § 1983.]" *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)."The general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the Defendant is required." *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060 (2d Cir. 1989); *Monell v. New York*

4

*City Dept. of Social Services*, 436 U.S. 658, 692-95 (1978). Supervisory officials may be personally involved within the meaning of Section 1983 only if he or she participated in unlawful conduct. *See Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). "A Plaintiff must thus allege a tangible connection between the acts of a Defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "[A] Plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). In the context of a prisoner's lawsuit, a Plaintiff must show "more than the linkage in the prison chain of command" to state a claim against a supervisory defendant. *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

Here, Plaintiff fails to allege facts of any personal involvement by Defendant DuBois. There is merely the allegation of supervisory approval of the alleged Section 1983 violation. Within this circuit, courts have held that the mere allegation of supervisory approval, without more, is insufficient to show any personal involvement. See *Gomez v. Sepiol*, 11-cv-1017 (SR), 2014 WL 1575872 at *6 (W.D.N.Y., Apr. 11, 2014), (Court noting that merely rubber stamping the results of a disciplinary hearing is insufficient to establish personal involvement in a § 1983 claim); *Rodriguez v. The City of New York*, 644 F. Supp.2d 168, 199 (E.D.N.Y., 2008) (Complaint against several individual defendants dismissed where Court held that the approval of an employment decision to terminate plaintiff in reliance on other individuals did not constitute personal involvement for § 1983 purposes); *Allah v. Poole*, 506 F.Supp.2d 174, 190 (W.D.N.Y., 2007) (dismissing complaint against defendant where sole allegation was that he, as a supervisor, approved the recommendation of another employee to transfer plaintiff to a restrictive housing unit within a correctional facility, holding that mere approval did not establish sufficient personal involvement).

For the aforementioned reasons, the claim against Defendant DuBois is dismissed for lack of personal involvement.

### 8th Amendment

The Eighth Amendment of the United States Constitution prohibits cruel and unusual punishment against a prisoner. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Sexual abuse of a prisoner by a corrections officer may be the basis for an 8th Amendment claim under § 1983. *Boddie v. Schneider*, 105 F.3d 857, 859 (2d Cir. 1997). To establish a violation of the Eighth Amendment, the following two elements must be met: (1) The alleged abuse must be "objectively, sufficiently serious"; and (2) the prison official must have a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Even though Plaintiff does no specifically discern in his Complaint, he was a pre-trial detainee. (ECF No. 20). Therefore, Plaintiff's allegations must sufficiently state a claim against Defendant Piper under the Fourteenth Amendment standard applicable to pretrial detainees. See *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) citing *Kingsley v. Hendrickson*, U.S. , 135 S. Ct. 2466, 2476 (2015).

Under the objective standard,[1] the sexual abuse must be "objectively, sufficiently serious" considering "contemporary standards of decency, but "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir. 1997) quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); see also *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015). In *Boddie, infra*, though the Court held that certain allegations of sexual abuse may violate contemporary standards of decency and

---

[1] An assessment of the objective standard remains pursuant to the same standards as the Eight Amendment proscribed prior to *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017).

constitute a violation of the Eighth Amendment, it noted that the alleged abuse must be "severe or repetitive" to establish that the conduct complained of was objectively, sufficiently serious. See *Boddie v. Schneider*, 105 F.3d at 861. The *Boddie* Court rejected allegations of a small number of incidents in which the defendant made inappropriate comments, touched Plaintiff's genitals and pressed against Plaintiff without his consent, and the Court found this was not in violation of the Eighth Amendment. *Id.*

Courts following *Boddie*, have noted that where the allegation is "a single incident of sexual abuse" it must be "sufficiently severe or serious," in order to objectively violate the Eighth Amendment in that the act alleged must demonstrate "intentional contact with an inmate's genitalia ... which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate." *Crawford*, 796 F.3d at 257-58 (finding objective prong satisfied where officer was alleged to have "fondl[ed] and squeeze[ed] [the inmate's] penis," "roamed" the inmate's thigh, to "make sure [he] did not have an erection"); *see also Shannon v. Venetozzi*, 670 Fed.Appx. 29, 31 (2d Cir. 2016) (allegations that officer hit and fondled the inmate's genitals and rubbed his buttocks while stating that "[t]his is my visiting room and I run it the way I want," on four occasions sufficient for Eighth Amendment violation); *Shepherd v. Fischer*, 08-cv-9297 (RA), 2018 WL 3122053 at *2 (S.D.N.Y. June 26, 2018) (inmate allegations that officer "rammed" a metal wand "between [his] ... butt cheeks," and stating to inmate that he "should ... 'f' [Plaintiff] with it," sufficient for Eighth Amendment violation); *cf. Shtilman v. Makram*, 14-cv-6589 (NSR), 2018 WL 3745670 at *5, (S.D.N.Y. Aug. 6, 2018) (officer alleged to have "nearly stuck their fingers ... between [Plaintiff's] buttcheeks [sic]," not sufficient to establish an Eighth Amendment claim).

7

In the present matter, Plaintiff alleges that he was subjected to a single incident of a poke to "the groin (penis)." (ECF No. 2). Accepting Plaintiff's version of the facts as true, these allegations fail to rise to the level of a constitutional violation to support a Section 1983 claim. *See Boddie, infra, Crawford, infra.* Plaintiff also failed to allege sufficient facts concerning the severity of the poke. The allegations fail to identify any physical injury. The Complaint is simply devoid of any facts which would contextualize the poke to such a degree that it would support a finding that it was an effort to "arouse or gratify the officer or humiliate the inmate." *Crawford v. Cuomo*, 796 F.3d at 257-58.

As noted by the court in *Boddie*, though the isolated episodes of alleged touching may be unsavory, "they do not involve a harm of federal constitutional proportions as defined by the Supreme Court." See *Montero v. Crusie*, 153 F.Supp.2d 368, 373, 375 (S.D.N.Y. 2001) (allegation that correctional officer squeezed inmate's genitalia while pat-frisking him not sufficient to sustain an Eighth Amendment claim, especially where no allegation of injury); *Harry v. Suarez*, 2012 WL 2053533, at *3 (S.D.N.Y., June 4, 2012) (allegations that corrections officer groped plaintiff's genitals, buttocks, and inner thighs for up to 53 seconds during frisk insufficient to sustain Eighth Amendment claim); *Williams v. Keane*, 1997 WL 527677, *9-11 (S.D.N.Y., Aug. 25, 1997) (dismissing the Eighth Amendment claim as insufficient where defendant put his hand down plaintiff's pants and fondled plaintiff's testicles).

Plaintiff's allegation of minimal contact by Defendant Piper is an example of a single incident which is not "sufficiently severe or serious," and does not objectively violate the Constitution. *See Crawford v. Cuomo*, 796 F.3d 252, 257-58 (2d Cir. 2015) (finding objective prong satisfied where officer was alleged to have "fondl[ed] and squeeze[ed] [the inmate's] penis," "roamed" the inmate's thigh, to "make sure [he] did not have an erection").

8

While the subjective prong, requires an assessment of "whether the contact is incidental to legitimate official duties, such as justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate," the analysis must take place in the context of Plaintiff's status as a pretrial detainee. *Crawford v. Cuomo*, 796 at 257-58; *see also Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (Plaintiff's claims as pretrial detainee are "governed by the Due Process Clause of the Fourteenth Amendment, rather than … the Eighth Amendment"). As a pretrial detainee, Plaintiff need only establish that his detention conditions were "'sufficiently serious to constitute objective deprivations of the right to due process' and that the officer acted intentionally or with at least deliberate indifference to the challenged conditions." *Noonan v. New York City Police Department Officer Carlos Becker*, 14-cv-4084 (LTS) (JLC), 2017 WL 3638201 at *4 (S.D.N.Y. Aug. 23, 2017), quoting *Darnell v. Pineiro*, 849 F.3d at 29, 35.

Under the subjective prong, the Plaintiff must allege that Defendant Piper's poke to the groin was "'sufficiently serious to constitute objective deprivations of the right to due process' and that the officer acted intentionally or with at least deliberate indifference to the challenged conditions." *Id.* quoting *Darnell v. Pineiro*, 849 F.3d at 29, 35. While "where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances be sufficient evidence of a culpable state of mind," *Boddie, supra*, 861, "the principal inquiry is whether the contact is incidental to legitimate official duties, such as justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Crawford v. Cuomo, supra*, at 257-58; *Shtilman v. Makram*, 14-cv-6589 (NSR), 2018 WL 3745670 at *5, (S.D.N.Y. Aug. 6, 2018)

(officer alleged to have "nearly stuck their fingers ... between [Plaintiff's] buttcheeks [sic]," not sufficient to establish an Eighth Amendment claim).

Plaintiff's bare allegations of a poke to the groin while he was in inside of his housing unit fail to assert sufficient facts. The Plaintiff does not assert any injury to Plaintiff, allegations of statement or comment by Defendant Piper, provide further description of the surrounding circumstances, nor indicate whether he was awake or asleep just prior to the incident. Plaintiff fails to allege sufficient objective facts of an act which is sufficiently severe and serious. Plaintiff also fails to allege facts of Defendant Piper's culpable state of mind as required under the Fourteenth Amendment. *See Shepherd v. Fisher*, 08-cv-9297 (RA), 2017 WL 666213, at *18 (S.D.N.Y. Feb. 16, 2017) ("squeezing and fondling of Plaintiff's genitalia, combined with the accompanying threats of sexual violence or retaliation, would allow a reasonable factfinder to find that the corrections officer ... intended to sexually gratify themselves, to humiliate [], or both."); *see also Shannon v. Venettozzi*, 670 Fed.Appx. at 31 ("[sexually-explicit] statements, in conjunction with ... description of the forcefulness of ... the pat-downs were sufficient to plausibly allege that [the officer] conducted the pat-downs" to gratify himself or humiliate the inmate).

For the aforementioned reasons, Plaintiff's complaint fails to state a claim of an 8th Amendment violation.

**COMPENSATORY DAMAGES**

Plaintiff seeks seven hundred fifty thousand dollars ($750,000.00) in damages for the alleged violations of his constitutional rights. However, Plaintiff failed to specifically denominate what type of injury he sustained. Section 1997e(e) of the PLRA states that – "No

10

Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Plaintiff does not allege any physical injury resulting from the claimed deprivation of his constitutional rights – rather, he only alleges emotional harm. (ECF No. 2). For claims seeking damages for mental or emotional damages, a defendant must "make a prior showing of physical injury." *Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999). In this matter, Plaintiff failed to assert sufficient facts to support a finding of a requisite harm of physical injury.

Separately, to the extent that plaintiff's claim for damages includes punitive damages, such measure of damages is not warranted. Plaintiff has not alleged any facts indicating that defendants' conduct was "motivated by evil motive or intent" or that defendants exhibited "reckless or callous indifference" to his federally protected rights which is a pre-requisite to the imposition of punitive damages. *Lee v. Edwards*, 101 F.3d 805, 808 (2d Cir. 1996) (*quoting Smith v. Wade*, 461 U.S. 30, 56 (1983)).

**QUALIFIED IMMUNITY**

Qualified immunity protects government officials from liability as long as their actions are discretionary in nature and do not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity is available 'when the undisputed facts establish that it was objectively reasonable for the defendants to believe that their actions did not violate clearly established rights.'" *Dawkins v. Gonyea*, 646 F.Supp.2d 594, 613 (S.D.N.Y. 2009), *quoting Defore v. Premore*, 86 F.3d 48, 50 (2d Cir.1996). "A right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the

right, and (3) a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful." *Johnson v. Goord*, 487 F. Supp.2d 377, 398 (S.D.N.Y. 2007), aff'd 305 Fed. Appx. 815 (2d Cir. 2009) (internal quotations and citations omitted). The Supreme Court has urged courts to decide the issue of qualified immunity at the earliest possible opportunity. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001), overruled on other grounds, *Pearson v. Callahan*, 555 U.S. 223 (2009). "[T]he question to be answered is whether the defendant officer, confronted with the facts as alleged by the plaintiff, could reasonably have believed that his actions did not violate some settled constitutional right." *5 Borough Pawn, LLC v. City of New York*, 640 F.Supp.2d 268, 285 (S.D.N.Y. 2009); *accord Dawkins, supra*, at 613.

The facts as alleged are insufficient to establish a constitutional or statutory violation on the part of Defendant Piper. It was objectively reasonable for a correctional officer to believe that his actions were lawful, if true, under the circumstances. No facts were alleged as to the conduct by Defendant DuBois. Therefore, Defendants is entitled to qualified immunity, and the operative Complaint is dismissed against Defendants Piper under Rule 12(b)6.

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss the Complaint is granted in its entirety. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 19, to close the case, to mail a copy of this Opinion and Order to Plaintiff's last known address and to show proof on the docket.

Dated: November 26, 2019
      White Plains, New York

SO ORDERED

NELSON S. ROMÁN